UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARMA H.,[1]<br><br>   Plaintiff<br><br>   v.<br><br>KILOLO KIJAKAJI, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. 5:21-cv-01630-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Sharma H. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11 and 12] and briefs [Dkts. 16 ("Pl. Br.") & 19 ("Def. Br.")] addressing a disputed issue in the case. The matter is now ready for decision. For the reasons set forth below, the Court finds that this matter should be affirmed.

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

## II.   ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for SSI on July 23, 2019, alleging disability beginning July 4, 2018. [Dkt. 15, Administrative Record ("AR") 15, 177-85.] Plaintiff's application was denied at the initial level of review and on reconsideration. [AR 15, 96-99, 105-110.] A telephone hearing was held before Administrative Law Judge Joel Tracy ("the ALJ") on February 18, 2021. [AR 15, 31-52.]

On March 9, 2021, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability. [AR 15-27]; *see* 20 C.F.R. § 416.920(b)-(g)(1). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the application date of July 23, 2019. [AR 18.] At step two, the ALJ determined that Plaintiff has the following severe impairments: bilateral knee, ankle and foot degenerative joint disease; bilateral hip bursitis; lumbosacral spine strain; obesity; and fibromyalgia. [AR 18.] At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations. [AR 20]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. § 416.967(a), except she is limited to occasional stooping, kneeling, crouching, balancing, and climbing of ramps and stairs and she is precluded from crawling, climbing ladders, ropes and scaffolds, working in close proximity to unprotected heights, and walking on uneven terrain or slick, wet surfaces. [AR 21.] At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. [AR 25.] At step five, based on the testimony of the vocational expert ("VE"), the ALJ found that Plaintiff could perform other work that exists in significant numbers in the national economy, including representative occupations such as office helper, hand packager, and information clerk. [AR 26-27.] Therefore, the ALJ concluded that Plaintiff has not

been disabled since July 23, 2019, the application date. [AR 26.]

The Appeals Council denied review of the ALJ's decision on July 29, 2021. [AR 1-6.] This action followed.

Plaintiff contends that the ALJ did not offer legally sufficient reasons for rejecting her subjective complaints. [Pl. Br. at 4-16.]

The Commissioner asserts that the ALJ's decision is supported by substantial evidence and should be affirmed. [Def. Br. at 2-17.]

### III.   GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence … is 'more than a mere scintilla' … [i]t means – and only means – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) ("[s]ubstantial evidence is more than a mere scintilla but less than a preponderance") (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "'the evidence is susceptible to more than one rational interpretation.'" *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). However, the Court may review only the reasons stated by the ALJ in the decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or that, despite the

error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV. DISCUSSION

Plaintiff contends the ALJ improperly rejected her subjective symptom testimony. [Pl. Br. at 4-16.]

In evaluating a claimant's testimony regarding subjective pain or symptoms, an ALJ must engage in a two-step analysis. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); 20 C.F.R. § 416.929. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment, 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Second, if the claimant meets the first step and there is no evidence of malingering, "'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). "The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284; *see also* Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P, 2017 WL 5180304, *4 (S.S.A. Oct. 25, 2017) (explaining that the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms ... and determine the extent to which [those] symptoms limit [his] ... ability to perform work-related activities").

At the hearing, Plaintiff testified that she has difficulty sitting, standing, and walking. [AR 38-39, 45.] Plaintiff explained that she hurt her knees and fractured her right foot and ankle in a car accident. [AR 38-39.] Plaintiff stated that she can stand for about 6 or 7 minutes and her in-home health aide helps her walk around the house. [AR 39, 45.] Plaintiff also uses a walker, cane or crutches to get from

room to room and she occasionally wears a walking boot. [AR 39, 45.] Plaintiff testified that her feet go numb if she sits too long and she uses a heating pad to help with pain and swelling in her ankle. [AR 38-39, 41.] Plaintiff claimed that she had to stop working as a hairdresser due to carpal tunnel problems. [AR 38.]

The ALJ rejected Plaintiff's testimony to the extent it conflicted with the RFC. [AR 22-24.] The ALJ provided three reasons for not fully crediting Plaintiff's subjective symptom allegations.

### 1. Medical Evidence

The ALJ found that Plaintiff's testimony was unsupported by the objective medical evidence of record. [AR 22-23.] The ALJ may consider objective medical evidence when assessing a claimant's testimony. *See* 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence … is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work…"); *Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

Here, although the record shows that Plaintiff fractured her right talus and calcaneus in July 2018, and has a history of fibromyalgia and other impairments, the ALJ found that Plaintiff's allegations of disabling symptoms and limitations were unsupported by the medical evidence of record. [AR 22-23.] For example, an x-ray of Plaintiff's right foot from August 2018 demonstrated pes planus (flat foot), with no fracture reported. [AR 22, 261.] In November 2018, Plaintiff had some tenderness along the calcaneal and lateral dorsal talar bones but normal range of motion, stability and muscle strength, with no fatigue, joint swelling, abnormal gait, muscle aches, headaches, clubbing, cyanosis, edema, crepitus, deformity or effusion. [AR 22, 285-86.] In December 2018, an x-ray of Plaintiff's right ankle revealed soft tissue swelling and mild osteopenia, but no ankle fracture. [AR 23, 265.] In

January 2019, Plaintiff had normal motor strength and sensation to all extremities, was able to move all extremities with good active and passive range of motion and could ambulate normally with a CAM (controlled ankle motion) boot. [AR 23, 289-90.] Plaintiff reported that her pain was manageable with her current medication regimen, which included Lyrica and ibuprofen. [AR 23, 289-90.] In October 2019, Plaintiff had soft tissue tenderness in 11/18 tender points, but no active synovitis. [AR 23, 326.] In December 2019, Plaintiff's range of motion, stability, and muscle strength/tone were normal. [AR 23, 301.] In February and April 2020, Plaintiff's musculoskeletal examinations were normal and her doctor recommended that she walk for exercise. [AR 342, 346.] In July and December 2020, Plaintiff had soft tissue tenderness in 10/18 and 9/18 tender points, respectively, with no active synovitis. [AR 23, 367, 370.]

The ALJ properly considered the medical reports and clinical findings (or a lack thereof) to conclude that Plaintiff did not exhibit the limitations and symptoms consistent with her subjective complaints. *See* 20 C.F.R. § 416.929(c)(2); SSR 16-3p, 2017 WL 5180304, *5 ("The intensity, persistence, and limiting effects of many symptoms can be clinically observed and recorded in the medical evidence."). Although the medical evidence could give rise to inferences more favorable to Plaintiff, the ALJ's interpretation was rational and should be upheld. *See Burch*, 400 F.3d at 680.

Plaintiff argues that the lack of objective medical evidence cannot form the sole basis for rejection of her symptom testimony. [Pl. Br. at 9-10.] However, as discussed below, the ALJ provided additional rationale, supported by substantial evidence, for discounting Plaintiff's testimony.

Plaintiff also challenges the ALJ's reliance on the medical evidence to discredit her subjective complaints, because she suffers from fibromyalgia, a disease that "'is diagnosed entirely on the basis of patients' reports of pain and other symptoms.'" [Pl. Br. at 11 (quoting *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th

Cir. 2004)).] Plaintiff's argument lacks merit, as Plaintiff's diagnosis of fibromyalgia is not in dispute. [AR 18 (finding fibromyalgia was a severe impairment).] Although the objective medical evidence cannot establish the existence of fibromyalgia, the medical evidence is still relevant and can be used "to demonstrate a lack of functional limitations during clinical examination." *Melendez v. Astrue*, No. CV 10-01930-JEM, 2011 WL 6402287, at *6 (C.D. Cal. Dec. 20, 2011) ("A diagnosis of fibromyalgia is not a free disability card that renders all medical evidence irrelevant for all purposes.").

Plaintiff further argues that, in finding Plaintiff's allegations of disabling symptoms unsupported by the objective medical evidence, the ALJ erred by failing to connect any specific portions of Plaintiff's testimony to the relevant parts of the record. [Pl. Br. at 9.] An ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Brown-Hunter*, 806 F.3d at 493. The ALJ complied with this standard. The ALJ first identified Plaintiff's testimony that she has significant limitations in several basic areas of physical functioning (i.e., sitting, standing, and walking) and then identified the medical records that undermined that testimony, as discussed above. [AR 21-24.] Given this analysis, the ALJ did not err by failing to explain his reasoning with the requisite specificity.

**2. Routine and Conservative Treatment**

The ALJ found that the routine, conservative, and non-emergency treatment Plaintiff received undermined her subjective symptom testimony. [AR 22.] "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007); *see also Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting subjective pain complaints where petitioner's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received"). Here, the ALJ noted that

Plaintiff's treatment included occasional use of a CAM boot and recommendations from her doctor that she walk for exercise. [AR 21-23, 38-39, 289-90, 346.] Plaintiff also reported that her pain was manageable with medication and that she uses a heating pad on her ankle. [AR 21-23, 38-39, 289.] Thus, substantial evidence supports the ALJ's conclusion that Plaintiff's treatment history was routine and conservative. [AR 22-23.]

Plaintiff asserts that the ALJ "isolates the record and does not view it as a whole." [Pl. Br. at 11.] However, Plaintiff fails to cite any medical reports or other evidence in the record suggesting that Plaintiff received more aggressive forms of treatment or that the ALJ selectively relied on isolated pieces of evidence in the record.[2] Thus, Plaintiff's conservative treatment history was a specific, clear and convincing reason for discounting Plaintiff's testimony. *See Parra*, 481 F.3d at 750-51; *see also Hanes v. Colvin*, 651 F. App'x 703, 705 (9th Cir. 2016) (explaining that the claimant's "conservative treatment plan, which consisted primarily of minimal medication, limited injections, physical therapy, and gentle exercise" supported rejection of the claimant's testimony).

### 3. Activities of Daily Living

The ALJ found Plaintiff's admitted activities of daily living were inconsistent with Plaintiff's allegations of debilitating limitations. [AR 22.] One of the factors that an ALJ may considering in weighing a claimant's subjective symptom testimony is the inconsistency between the testimony and the claimant's statements to others. *See Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). Here, the ALJ found that Plaintiff's allegations of disabling limitations were inconsistent with Plaintiff's prior report to her doctor that she was able to perform activities of daily living at home "without difficulty." [AR 22, 289.]

---

[2] The Court notes that although Plaintiff requested evaluation for bariatric surgery, her doctor recommended portion control, exercise (walking and biking), and avoiding snacks. [AR 295, 306, 342, 344, 346, 348, 350, 352.]

The ALJ also noted that Plaintiff testified at the hearing that she can drive, lives with her four children, and sits with her children while they attend online school. [AR 22, 40, 43-44.] Plaintiff's admissions that she performs activities of daily living "without difficulty" and sits with her children during school appear to conflict with her hearing testimony describing significant limitations in several basic areas of functioning, including sitting, standing, and walking. [AR 21-22, 24.]

Plaintiff argues that her activities do not demonstrate an ability to spend a substantial part of the day doing activities transferable to full-time work setting. [Pl. Br. at 12.] The ALJ, however, was not required to find that the medical record conclusively demonstrated Plaintiff's ability to function effectively in the workplace. It was sufficient for the ALJ to find that Plaintiff's statements to her doctor and at the hearing were inconsistent with her testimony describing disabling limitations. *See Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) ("The ALJ recognized that this evidence did not suggest [the claimant] could return to his old job . . , but she thought it did suggest that [the claimant's] later claims about the severity of his limitations were exaggerated.").

## V.  CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

**IT IS SO ORDERED.**

DATED:  February 13, 2023

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE